UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO

| | |
|---|---|
| VITAL PHARMACEUTICALS, INC., a Florida corporation d/b/a VPX Sports, <br><br> Plaintiff, <br><br> vs. <br><br> BERLIN PACKAGING LLC, a Delaware limited liability company, <br><br> Defendant. | Case No: 1:21-cv-6866 |

# COMPLAINT

Plaintiff, VITAL PHARMACEUTICALS, INC. d/b/a VPX Sports ("VPX"), a Florida corporation, hereby brings the above-styled action against Defendant, BERLIN PACKAGING LLC ("Berlin"), a Delaware limited liability company, alleging as follows:

## PARTIES, JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1), as VPX and Berlin are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs and attorney's fees.

2. Alternatively, this Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1367(a) as the Court has original jurisdiction over Count V (Sherman Act) and supplemental jurisdiction over the remaining counts, as those are so related that they form part of the same case or controversy under Article III of the United States Constitution.

{00629960}  1

3. VPX is a Florida corporation organized and existing under the laws of the State of Florida, with its principal place of business located in Broward County, Florida.

4. Berlin is a Delaware limited liability company with its principal place of business in Chicago, Illinois.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(1), as Berlin is headquartered in Chicago, Illinois.

## GENERAL ALLEGATIONS

6. Since its founding in the 1990's, VPX has been a Florida-based manufacturer and seller of sports nutrition supplements and beverage products. Over the course of the past several years, VPX, through product development and promotional efforts, has carved out a substantial market presence with its aforesaid product lines, including, but not limited to, its well-known Redline® energy drink products.

7. Since its inception, Redline® has been packaged in a distinctive 8-ounce plastic bottle paired with a corresponding plastic cap.

8. Those bottles and caps are not manufactured by VPX, but instead sourced from various third-party suppliers.

9. At all times material hereto, Berlin operated as a broker of bottles and caps for producers such as VPX.

10. On or about August 1, 2013, VPX and Berlin entered into a 36-month Customer Mold and Supply Agreement (the "Agreement") for the supply of no less than 45 million 8-ounce bottles and caps. A true and correct copy of the Agreement is attached hereto as **Exhibit 1**.

11. Berlin maintains that the Agreement (by and through reference therein to "Berlin Packaging's standard terms and conditions") is subject to certain website-posted "Terms and Conditions of Sale," a true and correct copy of which is attached hereto as **Exhibit 2**.

12. The Agreement was expressly set to expire on or about July 31, 2016, so long as VPX's minimum purchase requirements were met on or before that date.

13. As expiration of the Agreement approached, VPX attempted, without success, to obtain binding commitments directly from bottle and cap manufacturers/suppliers (other than Berlin) to supply VPX with bottles and caps for its Redline® product starting after the Agreement's then forthcoming July 31, 2016 expiration, at a lower cost than VPX was paying for bottles and caps sourced through Berlin under the Agreement.

14. VPX's inability to obtain more favorable supply commitments directly from manufacturers/suppliers (other than Berlin) persisted after the Agreement's July 31, 2016 expiration.

15. As result, VPX was compelled to source bottles and caps for its Redline® product through Berlin for a period of years following the Agreement's July 31, 2016 expiration, thus effectively extending the Agreement beyond its July 31, 2016 expiration date.

16. In 2017, VPX learned, upon information and belief, that its inability to obtain supply commitments directly from manufacturers/suppliers (other than Berlin) stemmed from restrictions against selling directly to VPX that Berlin had imposed upon such manufacturers/suppliers, both before and since the Agreement's expiration.

17. More recently, VPX learned, upon information and belief that, Berlin had imposed those restrictions, not pursuant to rights under non-circumvention agreements or any other

potential legal justification, but rather as a naked abuse of its leverage as a major broker and purchasing agent in the bottle and cap industry in restraint of trade.

18. Upon information and belief, Berlin's moratorium continued, in whole or in part, through August 2019.

19. Upon information and belief, as a result of Berlin's aforesaid legally unjustified moratorium, VPX began incurring pecuniary harm and damage after the Agreement's July 31, 2016 expiration. Specifically, VPX continued sourcing several million bottles and caps through Berlin at a higher cost than VPX would have otherwise incurred if it had sourced those goods from others, which pecuniary harm and damage VPX continued to incur through no earlier than August 2019.

20. Any and all conditions precedent to bringing this action have occurred, have been fulfilled, have been excused or have been waived.

## COUNT I – BREACH OF CONTRACT AGAINST BERLIN

21. VPX incorporates and realleges the allegations in Paragraphs 1 through 20 as if set forth fully within this Count.

22. Berlin agreed to be bound by the terms of the Agreement with VPX.

23. The Agreement provided for a 36-month term, at the end of which, the Agreement would terminate provided VPX met the minimum total volume of purchases during such term.

24. VPX met the minimum total volume of purchases during the term.

25. Berlin materially breached the Agreement by, *inter alia*, using legally unjustified means to compel an extension of the Agreement beyond its 36-month term.

26. As a direct and naturally occurring result of Berlin's breach, VPX has suffered pecuniary harm and other damages.

WHEREFORE, VPX respectfully requests the Court enter judgment in favor of VPX and against Berlin, awarding VPX damages, plus interest, costs and awarding VPX such other and further relief as this Court deems just and proper.

## COUNT II - BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING

27. VPX incorporates and realleges the allegations in Paragraphs 1 through 20 as if set forth fully within this Count.

28. At all times relevant to this action, Berlin was in a contractual relationship with VPX under which Berlin owed VPX an implied duty to perform in good faith and deal fairly with VPX.

29. Pursuant to that contractual relationship, Berlin was obligated to abide by the terms of the Agreement, including the 36-month term.

30. Further, pursuant to applicable law, Berlin owed VPX an implied duty of good faith and fair dealing in Berlin's performance of the Agreement.

31. Berlin materially breached its implied obligation of good faith and fair dealing by, *inter alia*, using legally unjustified means to compel an extension of the Agreement beyond its 36-month term.

32. As a direct and naturally occurring result of Berlin's breach, VPX has suffered pecuniary harm and other damages.

WHEREFORE, VPX respectfully requests the Court enter judgment in favor of VPX and against Berlin, awarding VPX damages, plus interest, costs and awarding VPX such other and further relief as this Court deems just and proper.

## COUNT III – INTERFERENCE WITH ADVANTAGEOUS BUSINESS RELATIONSHIPS

33. VPX incorporates and realleges the allegations in Paragraphs 1 through 20 as if set forth fully within this Count.

34. VPX had prospective advantageous business relationships with manufacturers/suppliers of bottles and caps (other than Berlin), with a reasonable expectation of reaching commitments for direct sourcing of bottles and caps at prices below those VPX otherwise had to pay for sourcing through Berlin.

35. Berlin had knowledge of those prospective advantageous business relationships.

36. Berlin intentionally and without justification interfered with those prospective business relationships by abusing its leverage as a major broker and purchasing agent in the bottle and cap industry to impose a continuing moratorium upon bottle and cap manufacturers suppling directly to VPX.

37. As a direct and proximate result of Berlin's wrongful interference, VPX incurred pecuniary harm and damage.

WHEREFORE, VPX respectfully requests the Court enter judgment in favor of VPX and against Berlin, awarding VPX damages, plus interest and costs and awarding VPX such other and further relief as this Court deems just and proper.

## COUNT IV –VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (815 ILCS 505/1 et seq.)

38. VPX incorporates and realleges the allegations in Paragraphs 1 through 20 as if set forth fully within this Count.

39. This is a claim by VPX against Berlin under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFBPA"), 815 ILCS 505/1 et seq.

{00629960} 6

40. Berlin, at all times material hereto, provided goods or services within the definition of 815 ILCS 505/1(b) and was engaged in trade or commerce as defined by 815 ILCS 505/1(f).

41. In connection therewith, Berlin engaged in a deceptive and unconscionable scheme that included, without exclusion, making duplicitous representations, monopolizing the industry, threatening suppliers, interfering with business relationships, making material misrepresentations and/or omissions, and otherwise engaging in deceptive and unconscionable misconduct, so as to induce VPX to pay Berlin excessive monies for goods which, but for Berlin's wrongful acts, VPX could have obtained for lesser cost.

42. Berlin's deceptive, unfair and unconscionable practices in connection with this matter, in violation of ICFBPA, have caused actual damages to VPX.

WHEREFORE, VPX respectfully requests the Court enter judgment in favor of VPX and against Berlin, declaring that Berlin violated ICFBPA in connection with this matter, and awarding VPX damages, plus interest, costs and reasonable attorneys' fees provided by the statute, and awarding VPX such other and further relief as this Court deems just and proper.

### COUNT V – ILLEGAL RESTRAINT OF TRADE UNDER THE SHERMAN ACT
### (Sherman Act, 15 U.S.C. § 1).

43. VPX incorporates and realleges the allegations in paragraphs 1 through 20 as if set forth fully within this count.

44. This is a claim by VPX against Berlin under the Sherman Act, 15 U.S.C. § 1.

45. Berlin, at all times material hereto, knowingly engaged in a deceptive and unconscionable scheme whereby it abused its leverage as a major broker and purchasing agent in

the bottle and cap industry to impose a legally-unjustified moratorium upon manufacturers/suppliers contacted by VPX.

46. Such aforementioned scheme included, without exclusion, making duplicitous representations, monopolizing the industry, threatening suppliers, interfering with business relationships, making material misrepresentations and/or omissions, and otherwise engaging in deceptive and unconscionable misconduct, so as to prevent VPX from bypassing Berlin in its business dealings with manufacturers.

47. By engaging in the aforesaid conduct, Berlin has violated the Sherman Act (15 U.S.C. § 1) by restraining trade or commerce in all of the states where Berlin and VPX transact business

48. Berlin's illegal restraint of trade in connection with this matter, in violation of the Sherman Act, has caused actual damages to VPX.

WHEREFORE, VPX respectfully requests the Court enter judgment in favor of VPX and against Berlin, declaring that Berlin violated the Sherman Act in connection with this matter, and awarding VPX damages, plus interest, costs and reasonable attorneys' fees provided by the act, and awarding VPX such other and further relief as this Court deems just and proper.

## COUNT VI – UNJUST ENRICHMENT

49. VPX incorporates and realleges the allegations in paragraphs 1 through 20 as if set forth fully within this count.

50. From July 31, 2016 through and including 2019, VPX paid Berlin, and Berlin received, accepted and retained overpayments for bottles and caps caused by Berlin's unfair and unjustified use of its market power to prevent independent manufacturers from dealing directly with VPX.

51. VPX has conferred a benefit on Berlin by over-paying Berlin for bottles and caps due to Berlin's strong-arm tactics.

52. Berlin is aware of this benefit it received from VPX.

53. Berlin has retained the benefit it received from VPX, to wit, the overpayments, and it is inequitable for Berlin to retain such benefit.

WHEREFORE, VPX respectfully requests the Court enter judgment for restitution and other damages and other appropriate relief in favor of VPX and against Berlin, plus interest and costs.

Dated: December 27, 2021

Respectfully submitted:

*/s/ Michael T. Crabb*
Michael T. Crabb, Bar No. 24395
KUCKELMAN TORLINE KIRKLAND, INC.
10740 Nall Avenue, Suite 250
Overland Park, KS 66211
(913) 948-8610 (phone)
(913) 948-8611 (fax)
mcrabb@ktk-law.com

*Attorney for Plaintiff*